UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SHARON SCHRADER, | Case No. 1:06-cv-761 |
| Plaintiff, | HONORABLE PAUL L. MALONEY |
| v. | Magistrate Judge Carmody |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**Order Adopting the R&R Without Objection;**
**Affirming the Commissioner's Denial of Disability Benefits;**
**Terminating the Case**

This matter was referred to the Honorable Ellen S. Carmody, United States Magistrate Judge, for a Report and Recommendation ("R&R").

Title 28 U.S.C. § 636(b)(1) provides, "Within ten days after being served with a copy [of an R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." Likewise, Federal Rule of Civil Procedure 72 provides that "[w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations." *See Deruso v. City of Detroit*, 121 F. App'x 64, 66 n.2 (6th Cir. 2005) ("The Rule requires parties to file objections to a magistrate's report and recommendation within ten days of the time the report is filed.") (citing FED. R. CIV. P. 72(a)); *Rodger v. White*, No. 89-5720, 907 F.2d 151, 1990 WL

95624, at *2 (6th Cir. July 11, 1990) ("Ordinarily, parties must file objections and exceptions to the magistrate's report within ten days of its issuance.") (citing 28 U.S.C. § 636(b)(1)).

The Clerk's Office docket records indicate that the R&R issued on Monday, January 14, 2008, was electronically served on counsel for both parties on that date.

Federal Rule of Civil Procedure 6 begins, "In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included." FED. R. CIV. P. 6(a). Thus, the ten-day objection period began on Tuesday, January 15, 2008, and the fourth day was Friday, January 18, 2008.

Rule 6 further provides, "When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." *Id.* Thus the court excludes Saturday January 19, Sunday January 20, and Monday January 21 (a federal holiday); so the eighth day of the ten-day period was Friday, January 25, 2008. Finally, the court excludes Saturday January 26 and Sunday January 27.

The ten-day period for filing objections expired at midnight on Tuesday, January 29, 2008.

Neither party filed objections before that time, so this court is not obligated to review the R&R's merits *de novo* or otherwise. As the United States Supreme Court has held,

> The statutory provision we upheld in *Raddatz* [447 U.S. 667 (1980)] provided for *de novo* review only when a party objected to the magistrate's findings or recommendations. *See* 28 U.S.C. § 636(b)(1). To the extent *de novo* review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties.

*Peretz v. US*, 501 U.S. 923, 939 (1991) (citation and internal quotation marks omitted).[1]

---

[1] *See, e.g., Johnson v. Comm'r of Soc. Sec.*, No. 5:05-cv-2155, 2007 WL 2292440, *1 (N.D.

Furthermore, the failure to file timely specific objections obviates not only *de novo* district-judge review of the R&R, but *all* district-judge review. Again in the words of the Supreme Court,

> In 1976, Congress amended § 101 of the Federal Magistrates Act, 28 U.S.C. § 636, to provide that a United States district judge may refer dispositive pretrial motions, and petitions for writs of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions. The amendments also provide that any party that disagrees with the magistrate's recommendations "may serve and file written objections" to the magistrate's report, and thus obtain *de novo* review by the district judge.
>
> * * *
>
> Petitioner first argues that a failure to object waives only *de novo* review, and that the district judge must still review the magistrate's report [regarding the case-dispositive matters listed in § 636(b)(1)(A)] under some lesser standard. However, § 636(b)(1)(c) simply does not provide for such review. This omission does not seem to be inadvertent, because Congress provided for a "clearly erroneous or contrary to law" standard of review of a magistrate's disposition of certain pretrial matters in § 636(b)(1)(A) [essentially, non-dispositive motions]. Nor does petitioner point to anything in the legislative history of the 1976 amendments mandating review under some lesser standard. *We are therefore not persuaded that the statute requires some lesser review by the district court when no objections are filed.*

*Thomas v. Arn*, 470 U.S. 140, 141-42, 149-50 (1985) (emphasis added, citation to enacting legislation omitted).

In any event, the court finds the R&R to be well-reasoned.[2] For the reasons explained by the

---

Ohio Aug. 7, 2007) ("The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the Report to which an objection has been made.") (Gwin, J.).

[2] Accordingly, district judges in our circuit routinely adopt R&Rs without additional written analysis where the parties have not timely objected:

> "It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo *or any other standard*, when neither party objects to those findings." * * * Because neither party filed timely objections to Magistrate Judge Pepe's Report and Recommendation . . . this Court need not conduct a review.

*Russell v. Caruso*, 2007 WL 3232126, *2 n.3 (W.D. Mich. Oct. 30, 2007) (Maloney, J.) (quoting *Brown v. US*, No. 06-14087, 2007 WL 2156283, *1 (E.D. Mich. July 25, 2007) (Gadola, J.) (quoting

R&R, substantial evidence supported the ALJ's determination that Schrader's severe impairments – osteoporosis[3] and spontaneous rib fracture and compression fracture – did not render her disabled from her alleged disability onset date (January 17, 2003, when General Motors apparently laid her off due to its inability to accommodate her upper-extremity restrictions) through her date last insured, during which period she was about 51 to 53 years old. Specifically, substantial evidence

---

*Thomas v. Arn*, 474 U.S. 140, 150 (1985))). *See also:*

    *Veltkamp v. Comm'r of Soc. Sec. Admin.*, No. 1:06-cv-295, – F. Supp.2d –, –, 2007 WL 4616700, *2 n.2 (W.D. Mich. Sept. 5, 2007) (Maloney, J.);

    *Hart v. Ridge Tool Co.*, No. 1:06-cv-780, 2007 WL 1983688, *2 (N.D. Ohio July 5, 2007) (Nugent, J.);

    *US v. Thornton*, No. 6:06-cv-459, 2007 WL 1742160, *1 (E.D. Ky. June 12, 2007) (Reeves, J.);

    *US v. Stone*, No. 06-cv-86, 2007 WL 1610499, *1 (E.D. Ky. May 31, 2007) (Forester, J.);

    *Powell v. Comm'r, Ky. Dep't of Corrs.*, No. 5:06-cv-32, 2007 WL 756363, *1 (E.D. Ky. Mar. 8, 2007) (Hood, J.);

    *Montalvo v. GMC*, No. 3:04-cv-7778, 2006 WL 1888704, *1 (N.D. Ohio July 7, 2006) (Zouhary, J.) ("Neither party objected to the Magistrate's Report. * * * Thus, the Court declines to review the Magistrate's report.");

    *Wallace v. Jackson*, No. 04-40221, 2006 WL 467915, *1 (E.D. Mich. Feb. 23, 2006) (Gadola, J.) (citing *Lardie v. Birkett*, 221 F. Supp. 806, 807 (E.D. Mich. 2002) (Gadola, J.));

    *Tangwall v. Robb*, No. 01-10008-BC, 2003 WL 23142190, at *1 (E.D. Mich. Dec. 23, 2003) (Lawson, J.) (where party's objections to R&R were untimely, court stated, "[T]he failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion [considered in the R&R].").

[3] Osteoporosis is a reduction in the quantity of bone or atrophy of skeletal tissue. It is an age-related disorder characterized by decreased bone mass and loss of normal skeletal microarchitecture, leading to increased susceptibility to fractures. Stedman's Medical Dictionary 1391 (28th ed. 2006). The risk of osteoporosis is highest in postmenopausal women, and it is responsible for 50% of fractures occurring in women over age fifty. *Id.* at 1391-92.

supported the ALJ's determination that while Schrader was unable to perform her past relevant work as an automotive assembler, she had the residual functional capacity ("RFC") to perform a limited range of light work that (1) provides a sit/stand option and does not require (2) lifting more than ten pounds, (3) bending more than 45 degrees, and (4) repeatedly pushing or pulling with her left upper extremity, or (5) working with vibrating tools with her left upper extremity.

The ALJ reached that determination after finding that Schrader's subjective complaints about the degree of her pain and limitations were not entirely credible. Schrader's appellate brief challenged the ALJ's credibility assessment, but she has not filed objections to the Magistrate's straightforward and logical explanation upholding that assessment. Namely, Schrader failed to present objective medical evidence to support her claims about the extent of her pain and resultant limitations, nor did any treating sources impose limitations or prescribe treatment[4] inconsistent with the ALJ's adverse credibility assessment and RFC determination. *See Ealy v. Comm'r of Soc. Sec.*, 172 F. App'x 88 (6th Cir. 2006) (per curiam) (Boggs, C.J., Batchelder, J., and Weber, D.J.) (upholding ALJ's determination that claimant's "claimed limitations 'were not fully credible' *because they were 'inconsistent with the objective medical evidence, the lack of more aggressive medical treatment*, . . . and the claimant's ordinary activities.") (emphasis added); *accord Ford v. Apfel*, No. 99-3294, 221 F.3d 1342, 2000 WL 573446 (8th Cir. May 10, 2000) (upholding ALJ's determination that claimant's subjective complaints were not credible, because, *inter alia*, "the

---

4

In other words, Bradford did seek medical assistance and was prescribed treatment, but none of the treatment necessarily implied a degree of pain and physical limitation greater than that found by the ALJ. *Cf. Edwards v. Barnhart*, 314 F.3d 964, 967-68 (8th Cir. 2003) ("It was within the province of the ALJ to discount Edwards' claims of disabling pain in view of her failure to seek ameliorative treatment."); *Bosivert v. Callahan*, 997 F. Supp. 183 (D. Mass. 1998) (upholding ALJ's decision to reject subjective complaints of pain, based in part on claimant's failure to seek more aggressive treatment).

medical findings were inconsistent with a disabling level of pain . . . ."); *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) (upholding ALJ's determination that claimant's conservative treatment regimen was inconsistent with her complaints of extreme pain), *cited by Howard v. Astrue*, No. 1:06-cv-613, 2007 WL 2688496, *14 (E.D. Cal. Sept. 10, 2007) ("*Given* the inconsistencies between *Claimant's* subjective complaints, his daily and less frequent activities, and his medical records . . . and his *conservative treatment, this Court concludes that the ALJ did not err in discounting as not credible Claimant's testimony*.") (emphasis added).

## ORDER

Accordingly, having reviewed Schrader's petition, the parties' briefs, and the R&R, the court hereby **ADOPTS** the R&R and **AFFIRMS** the Commissioner's denial of disability benefits.

This case is **TERMINATED.**

**This order is final, but it is not appealable.** *See Harris v. Detroit Pub. Schs.*, 245 F. App'x 437, 442 n.6 (6th Cir. 2007) ("[A] party's failure to object to the recommendations of a magistrate judge constitutes a waiver of the right to appeal.") (citing *US v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981)).[5]

---

[5]

*See, e.g., Ramjit v. Moore*, 243 F. App'x 103, 104 (6th Cir. 2007) ("respondent waived this issue due to his failure to object on this ground to the magistrate judge's report and recommendation") (citing, *inter alia*, *Thomas*, 474 U.S. at 155);

*Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006) ("Frontier did not file an objection to the default entry within ten days of the magistrate's report and recommendation. * * * Frontier's silence constitutes a waiver of the right to appeal the entry of default.");

*US v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) ("Sullivan failed to file objections to the magistrate judge's findings with the district court and, as a result, has waived any challenge to the district court's denial of his motion to suppress the identification evidence.");

**IT IS SO ORDERED this 7<u>th</u> day of February 2008.**

/s/ Paul L. Maloney

Paul L. Maloney
United States District Judge

---

*Adkins v. United Mine Workers of America*, No. 93-6386, 61 F.3d 903, 1995 WL 44630, *3 (6th Cir. July 25, 1995) ("Because the plaintiffs did not file written objections to the magistrate's order within ten days, they have waived appellate review of this issue.") (citing *Thomas*, 474 U.S. at 155, and *Willis v. Sullivan*, 931 F.2d 390, 400-01 (6th Cir. 1991)).